UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Chamberlain, # 333011, | C/A No. 6:09-2177-HFF-WMC |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Kershaw Correctional Institution; Cecilia Reynolds, in her official and individual capacities as Warden of Kershaw Correctional Institution, | |
| Defendants. | |

## *Background of this Case*

The plaintiff is an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections. Information on the South Carolina Department of Corrections website (www.doc.sc.gov) reveals that the plaintiff is serving a four-year sentence for second-degree burglary (non-violent).

The above-captioned case is one of seven "spinoff" cases from a civil action originally filed by eight prisoners at the Kershaw Correctional Institution. *See* original complaint in *Shantone Currie, et al. v. Kershaw Correctional Institution*, Civil Action No. 6:09-2017-HFF-WMC. In an order filed in Civil Action No. 6:09-2017-HFF-WMC on August 14, 2009, the undersigned directed the Clerk of Court to assign separate civil action numbers to each of the seven (7) co-plaintiffs. This is the resulting civil action to address the claims of Michael Chamberlain.

In an order filed in this case on August 20, 2009, the undersigned directed the plaintiff to submit the items (an amended complaint, a motion to proceed *in forma pauperis*, a Form USM-285, and a summons) needed to render this case into "proper form" within twenty days. The plaintiff has done so. Hence, the above-captioned case is now "in proper form."

In the amended complaint, the plaintiff incorporates the original complaint. The original complaint (Entry No. 1) was actually a letter in which eight inmates complained about conditions in the South Carolina Department of Corrections and, in particular, the Kershaw Correctional Institution. According to the letter, the plaintiff and other inmates have been exposed to excessive heat during the summer months, have not been provided ice, have been charged fees for medical treatment, and have not been provided necessities such as shoes, food, clothing, and toilet tissue. In his prayer for relief (in the amended complaint), the plaintiff seeks a declaratory judgment, injunctive relief, an investigation by the United States Attorney and the United States Department of Justice, a writ of mandamus, and "POSSIBLE CRIMINAL ENFORCEMENT SANCTIONS" against the "DEFENDANT."

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's

authority to conduct an initial screening of any *pro se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).[2]  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  Even so, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009).  Even under this less stringent standard, the amended § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Kershaw Correctional Institution is a group of buildings or a facility.  Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law.  Hence, the Kershaw Correctional Institution is not a "person" subject to suit under 42 U.S.C. § 1983.  *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority

---

[1] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

[2] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf. Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

Although Warden Reynolds is subject to suit pursuant to 42 U.S.C. § 1983, the relief requested by the plaintiff in the amended complaint cannot be granted. Hence, if Warden Reynolds were found to be liable to the plaintiff, this court cannot grant the plaintiff's requested relief. First, this federal court cannot order a criminal investigation of the Kershaw Correctional Institution, its officials, or its employees. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); *Nader v. Saxbe*, 162 U.S.App.D.C. 89, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C. Cir. 1974) (n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts."); and *United States v. Passman,* 465 F. Supp. 736, 741 & n. 13 (W.D. La. 1979) ("the defendant lacks standing to challenge the failure of the government to instigate criminal proceedings against another person."). *See also Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). Moreover, this court cannot suspend or remove Warden Reynolds and other SCDC officials or employees from their jobs. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent

4

power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir. 1960).

Moreover, this federal court case cannot issue a writ of mandamus against state officials, such as officials or employees of the Kershaw Correctional Institution. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969).

A federal district court may issue a writ of mandamus only against an employee or official **of the United States**. *See, e.g.*, *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986); and *Ocean Breeze Park, Inc. v. Reich*, 853 F. Supp. 906, 915 (E.D. Va. 1994), *affirmed*, *Virginia Beach Policeman's Benevolent Association v. Reich*, No. 95-1773 and No. 95-2013, 96 F.3d 1440 [Table], 1996 U.S.App. LEXIS 28823, 1996 WL 511426 (4th Cir., June 5, 1996). Hence, the plaintiff cannot obtain mandamus relief in this court against Warden Reynolds in the above-captioned case because she is a state official.

In *Gurley*, a prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (in North Carolina) to prepare a free transcript. The district court in *Gurley* denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the

reason that the District Court was also without jurisdiction to issue the writ." *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d at 587.

The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988). In *Davis v. Lansing*, the Court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. *See also Craigo v. Hey*, 624 F. Supp. 414 (S.D. W.Va. 1985). In *Craigo*, the district court concluded that the petition for writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under *Boyce v. Alizaduh* and *Todd v. Baskerville* and, therefore, was subject to summary dismissal. *Craigo v. Hey*, 624 F. Supp. at 414. *Accord Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479 (W.D. Pa. 1988); and *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 & n. 1 (N.D. Ill. 1990).

Although the plaintiff's pending grievance is not a basis to dismiss this case *sua sponte*, *see Jones v. Bock*, 549 U.S. 199 (2007) (failure to exhaust is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints), the plaintiff is not entitled to a preliminary injunction because he has readily-available prison remedies. As a result, the *pro se* plaintiff also does not meet the tests for a preliminary injunction or temporary restraining order enunciated in cases such as *WV Ass'n of Club Owners and Fraternal Services, Inc. v. Musgrave*, 553 F.3d 292 (4th Cir. 2009) (reversing grant of preliminary injunction); *Wetzel v. Edwards*, 635 F.2d 283, 287 (4th Cir. 1980); *North Carolina State Ports Authority v. Dart Containerline Company*, 592 F.2d 749, 750-53 & n. 3 (4th Cir. 1979); *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig*, 550 F.2d 189, 193 (4th Cir. 1977); and *Airport Comm. of Forsyth Co., N.C. v. Civil Aeronautics Board*, 296 F.2d 95, 96 (4th Cir. 1961)(*per curiam*). The four factors to be considered are: *(1)* whether a plaintiff will suffer irreparable injury if interim relief is denied; *(2)* the injury to the defendant if an injunction is issued; *(3)* the public interest; and *(4)* a plaintiff's

likelihood of success in the underlying dispute between the parties. Hence, the plaintiff's request for a preliminary injunction should be denied.[3]

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

September 15, 2009  
Greenville, South Carolina

s/William M. Catoe  
United States Magistrate Judge

---

[3]The United States Court of Appeals for the Fourth Circuit reviews grants or denials of motions for preliminary injunction under an abuse of discretion standard. *See East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004); and *Micro Strategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) ("We review the grant or denial of a preliminary injunction for abuse of discretion, recognizing that 'preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances.'").

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).