

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL CHAMBERLAIN, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:09-2177-HFF-WMC |
| | § | |
| WARDEN, Kershaw Correctional Institution, | § | |
| Defendant. | § | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the case be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 15, 2009, and the Clerk of Court entered Plaintiff's objections to the Report on September 22, 2009.

In the Report, the Magistrate Judge concluded that the various forms of relief prayed for by Plaintiff, including injunctive relief, mandamus relief, and criminal sanctions against Defendant, were unavailable through a § 1983 lawsuit.

In his objections, Plaintiff first alleges that he can get the injunctive relief he seeks through a qui tam action under 18 U.S.C. § 1962.[1]  A qui tam action is one "brought under a statute that allows a private person to sue for a penalty, part of which the government or some specified public institution will receive." *Black's Law Dictionary* 1368 (9th ed. 2009). "The qui tam action is for redress of an injury to the government; it is the government's injury that confers standing upon the private person." *Stalley v. Methodist Healthcare*, 517 F.3d 911, 917 (6th Cir. 2008). Qui tam actions are used to recover money damages, but Plaintiff fails to seek monetary damages in his Amended Complaint. Moreover, Plaintiff fails to allege any injury to the government for which he seeks redress. Thus, Plaintiff's "qui tam" objection is without merit.

Plaintiff also appears to suggest that if the Court allowed his case to go forward, the Department of Justice might take an interest and investigate the alleged "systemic abuse and problems" that exist at Kershaw Correctional Institution. (Objections 2.) Whether true or not, this argument fails to respond to the Magistrate Judge's conclusion that Plaintiff has not sought relief that can be granted through this lawsuit. Thus, this argument is without merit.

Though not addressed by Plaintiff, one additional point discussed in the Report warrants mention. The Magistrate Judge concluded that Plaintiff also failed to meet the standard necessary for a preliminary injunction . (Report 6.) In discussing the standard utilized by courts to determine

---

[1] The Court notes that the statute Plaintiff cites as providing for qui tam actions, 18 U.S.C. § 1962, is actually a federal criminal racketeering statute. The False Claims Act, 31 U.S.C. § 3729, et seq., is the most commonly invoked qui tam statute.

whether to grant preliminary injunctions, the Magistrate Judge cited, among other cases, *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig*, 550 F.2d 189, 193 (4th Cir. 1977). The *Blackwelder* analysis was recently modified by *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 345-46 (4th Cir. 2009) (construing *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374-76 (2008)). Among other factors and in contrast to *Blackwelder*, the new standard requires plaintiffs to "make a clear showing that it will likely succeed on the merits at trial" and also "make a clear showing that it is likely to be irreparably harmed absent preliminary relief." *Real Truth About Obama*, 575 F.3d at 346-47. However, this standard does not impact the Magistrate Judge's recommendation in this case because it is actually "far stricter" on the party seeking an injunction than the old standard. *See id.* at 347 (comparing new standard with *Blackwelder*). Applying the new standard, the Court finds that Plaintiff has failed to demonstrate an entitlement to a preliminary injunction.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, finding them to be without merit, adopts the Report to the extent it is not inconsistent with this Order and incorporates it herein. Therefore, it is the judgment of this Court that that the case be **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 23rd day of September, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.